MIDLAND INSURANCE COMPANY *v.*
UNIVERSAL TECHNOLOGY, INC.
(12569)

PETERS, C. J., HEALEY, SHEA, DANNEHY and CALLAHAN, Js.

Argued January 8—decision released April 29, 1986

*Thomas L. Kanasky, Jr.,* for the appellant (plaintiff).

*John F. Fallon,* with whom, on the brief, was *John J. Nestico,* for the appellee (defendant).

SHEA, J. In this action the plaintiff Midland Insurance Company (hereinafter Midland), sought to recover earned premiums for an insurance policy affording coverage to the defendant Universal Technology, Inc. (hereinafter Universal), against product liability and malpractice claims arising from the use by beauticians of depilation equipment manufactured by Universal. The trial court rendered judgment for Universal in accordance with the report of a state attorney referee, Norman K. Parsells, who had been appointed pursuant to General Statutes § 52-434 (a) (4). On appeal Midland has attacked the constitutionality of this statutory provision for the appointment of members of the bar as state referees. Midland also challenges the findings of the referee and the acceptance by the trial court of his report, to which it had filed an objection. We find no error.

# I

Our recent decision in *Seal Audio, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 508 A.2d 415 (1986), upheld the constitutionality of General Statutes § 52-434 (a) (4), which authorizes the appointment by the chief justice of attorneys to serve as state referees. There we rejected a claim that the statute authorized such attorney referees to perform judicial functions in violation of article fifth, §§ 2 and 6, of our state constitution, which restrict the exercise of the powers of the Superior Court to judges nominated by the governor and appointed by the legislature and to former judges who have reached the mandatory retirement age of seventy years and have become state referees. We concluded that attorney referees appointed pursuant to § 52-434 (a) (4) were limited to the role of factfinders, like committees appointed under General Statutes § 52-425, "to hear the evidence and report the facts to the court." Accordingly, we held that they do not perform a judicial function but act merely as aides to the court in a capacity that conforms to that of special masters, auditors and committees at common law.

We also rejected a due process challenge to the use of attorney referees based largely upon the omission from § 52-434 (a) (4) of any provision requiring consent of the parties for references to them.[1] This omission, we concluded, was not indicative of any legislative intent to dispense with the consent requirement that the statute had expressly set forth prior to its revision

---

[1] In this appeal the plaintiff makes no claim regarding the absence of consent because the reference of the case to the attorney referee was made pursuant to a written stipulation signed by the attorneys for the parties. Similarly, no claim is made that the attorney referee acted beyond the scope of his authority as a factfinder. The report of the referee, entitled "Decision of the Fact Finder," contains only a summary of the evidence, a seven sentence finding of facts, and a recommendation of judgment for the defendant. See *Seal Audio, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 508 A.2d 415 (1986).

in 1982, because the legislature intended that attorney referees function in the same manner as committees appointed pursuant to § 52-425, which contains a consent requirement. We found, therefore, no basis for the construction that § 52-434 (a) (4) permitted references to attorney referees without consent. We concluded that the constitutional claim based on such an assumption was of no merit.

In this appeal the plaintiff Midland raises a different constitutional claim falling generally within the due process category.[2] It maintains that § 52-434 (a) (4) is void for vagueness because it does not specify the "duties, powers, authority or jurisdiction" of attorney referees. The interpretation of § 52-434 (a) (4) that we adopted in *Seal Audio, Inc.*, limiting the role of an attorney referee to that of a factfinder or committee governed by the provisions of § 52-425 and Practice Book §§ 428 and 434, is a sufficient response to this claim. The statute and the rules clearly define the authority of a committee appointed "to hear the evidence and report the facts to the court" and also provide procedures for the protection of the rights of parties in challenging the findings of a committee in the trial court. As we have held that the statute and rules are also applicable to proceedings before an attorney referee, there is no longer any substance to the contention that § 52-434 (a) (4) is void for vagueness.

## II

Pursuant to Practice Book § 440, the plaintiff Midland properly filed an objection to acceptance of the report of the attorney referee, which the court overruled in rendering judgment for the defendant. The

---

[2] The plaintiff's brief also makes a passing reference to article fifth, § 6, of our state constitution, questioning the authority of a state referee to hear a case "without a grant from the legislature . . . ." Our opinion in *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 508 A.2d 415 (1986), responds adequately to this peripheral claim.

plaintiff therefore is entitled to appellate review of the trial court's disposition of his objection. See *Seal Audio, Inc.* v. *Bozak, Inc.*, supra, 518; *Jensen's, Inc.* v. *Killingworth,* 152 Conn. 237, 242, 206 A.2d 114 (1964).

The plaintiff challenges the finding of the attorney referee that the defendant Universal never agreed to pay the premium for or contracted for the insurance policy that provided liability coverage to it and two other corporations named as insureds therein, Depilatron Sales, Inc., and Depilatron, Inc., which were never joined as defendants in the action. It is undisputed that Depilatron Sales, Inc., paid $10,000 toward the premium due upon the policy and that no additional payment was made. The referee found that the policy was placed through a broker acting for Depilatron Sales, Inc., and not for the defendant. This finding was supported by testimony of a witness, Joel Weiss, who was the president of Depilatron, Inc., during the period the insurance policy was in force. He testified that Universal manufactured depilation machines that were purchased by Depilatron, Inc., and then marketed by Depilatron Sales, Inc., to licensed beauticians. According to Weiss, Universal already had insurance coverage and had no need for additional insurance. He testified, however, that Depilatron Sales, Inc., obtained the insurance from Midland through a broker "on behalf of all three corporations." The plaintiff focuses upon the quoted phrase, claiming that the court could not reasonably disbelieve this testimony, and implicitly assumes that it establishes the liability of Universal for the premium.

The portion of the testimony relied upon by Midland might have been construed by the trier to indicate that the employee of Depilatron Sales, Inc., who actually negotiated with the broker concerning insurance was acting as an agent of the other two corporations named in the policy, as well as for his own employer, in procur-

ing the policy. An alternative construction, which the trier might well have followed, is that the phrase "on behalf of" was used in the sense of "for the benefit of" and that Depilatron, Inc., chose to have the other corporations named in the policy for some business reason relating to its arrangement for purchasing and marketing the machines manufactured by Universal. There was no testimony that Universal had authorized Depilatron, Inc., or its employee, to purchase insurance on its behalf for which it would be obligated to pay the premium. A person named as an insured in a policy does not become liable for the premium due thereon by virtue of that fact alone. *Stevens Ins. Co.* v. *Howells,* 155 Mont. 494, 503–504, 473 P.2d 523 (1970); *Century Ins. Agency, Inc.* v. *City Commerce Corporation,* 396 P.2d 80 (Alaska 1964). Contractual arrangements, such as those between lessor and lessee or mortgagee and mortgagor, commonly require that one party provide insurance coverage for the benefit of another. "The fact that the insurance policy was issued in [the defendant's] name and for its benefit . . . did not give rise to a justifiable expectation on [the plaintiff's] part that [the defendant] had undertaken to pay the cost of the insurance." *Century Ins. Agency, Inc.* v. *City Commerce Corporation,* supra, 81. We find no merit in the plaintiff's challenge to the findings of the referee or to the judgment in accordance therewith.

There is no error.

In this opinion the other judges concurred.