HEALTH PLANNING ASSOCIATES, INC. *v.*
DONALD A. WHITLOCK
(4616)

DUPONT, C. J., DALY and BIELUCH, Js.

Submitted on briefs April 2—decision released August 25, 1987

*David S. Grossman* filed a brief for the appellant (defendant).

*Stephen W. Studer* filed a brief for the appellee (plaintiff).

DALY, J. The plaintiff instituted this suit to recover for services rendered to the defendant. The case was referred to an attorney factfinder pursuant to Practice Book § 546D on March 15, 1985. The defendant requested a continuance which was denied by the court, *Cioffi, J.,* and the matter was set for a hearing to be held on March 22, 1985. The defendant's counsel appeared before the factfinder on that date and again requested a continuance. The factfinder denied the request stating that he was without authority to grant a continuance. General Statutes § 52-549t; Practice Book § 546K (a).[1] The defendant did not attend or participate in the factfinder's subsequent hearing.

The factfinder found that the parties had entered into a written agreement which had been executed by the defendant in January, 1983. The agreement provided that the plaintiff was to perform certain consulting and planning services for the defendant. The plaintiff was

---

[1] General Statutes § 52-549t and Practice Book § 546K (a) provide in pertinent part: "Where a party fails to appear at the hearing, the fact-finder shall nonetheless proceed with the hearing . . . ."

to be paid on an hourly basis, and, in fact, received payment in the amount of $1112.70 in March, 1983, for work done. The plaintiff continued work on the project, but never received additional remuneration. The factfinder concluded that the plaintiff was entitled to an additional $6239.35 for the reasonable value of its continued services, and recommended that judgment enter for the plaintiff in that amount.

The factfinder's report was submitted on July 19, 1985. The defendant was granted an extension of time to file objections until August 26, 1985. On September 16, 1985, the trial court rendered judgment pursuant to the factfinder's report. On September 23, 1985, the defendant filed an objection to the factfinder's report. On October 8, 1985, the objection was denied as untimely. On October 9, 1985, the defendant moved to reargue the rendition of judgment, claiming that he had not been given the opportunity to present oral argument on his objection.[2] From the denial of the motion to reargue, the defendant has appealed.

The defendant raises four claims of error: (1) that the delegation by the legislature of the authority to establish a factfinding procedure pursuant to the rule-making authority of the judges of the Superior Court was improper and violated the Connecticut constitution, thus depriving the trial court of jurisdiction to render judgment on the finding of facts; (2) that the standards for selecting factfinders are vague and insufficient; (3) that the factfinder does have authority to grant continuances; and (4) that the award of damages was improperly calculated since there was no finding of the precise number of hours worked. We find no error.

Although the defendant's claims were not distinctly raised at trial, his first claim challenges the jurisdic-

---

[2] It appears that the trial court treated the motion to reargue as a motion to open the judgment.

tion of the court to render a judgment. Such a claim may be raised at any time. The defendant's second claim implicates his right to due process. See *Midland Ins. Co. v. Universal Technology, Inc.*, 199 Conn. 518, 521, 508 A.2d 427 (1986). Accordingly, we review the first two of his claims. See *Seal Audio, Inc. v. Bozak, Inc.*, 199 Conn. 496, 499, 508 A.2d 415 (1986).

The defendant claims that the appointment of fact-finders violated article first, §§ 10[3] and 20,[4] and article fifth, § 2 (as amended by article twentieth, § 2),[5] of the Connecticut constitution.

Subsequent to the filing of this appeal, our Supreme Court considered these issues in relation to the appointment of attorney state referees under General Statutes § 52-434 (a) (4)[6] in *Seal Audio, Inc. v. Bozak, Inc.*, supra.

Our Supreme Court has stated that attorney state referees do not have the power to perform the same functions as judges. Specifically, attorney state referees cannot render judgment. "[A]n attorney referee is simply a factfinder whose determination of the facts is reviewable in accordance with well established procedures *prior to* the rendition of judgment *by the court.*

---

[3] Article first, § 10, provides in pertinent part: "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

[4] Article first, § 20, provides in pertinent part: "No person shall be denied the equal protection of the law . . . ."

[5] Article fifth, § 2, provides in pertinent part: "The judges of the supreme court and of the superior court shall, upon nomination by the governor, be appointed by the general assembly in such manner as shall by law be prescribed."

[6] General Statutes § 52-434 (a) (4) provides in pertinent part: "In addition to the state referees who are appointed pursuant to subdivision (1), (2) or (3) of this section, the chief justice may appoint, from qualified members of the bar of the state, as many state referees as he may from time to time deem advisable or necessary."

Practice Book §§ 428 through 445." (Emphasis added.) *Seal Audio, Inc.* v. *Bozak, Inc.*, supra, 502. Similarly, we conclude that factfinders are not judges.

Article fifth, § 2, of the Connecticut constitution requires that judges be appointed by the general assembly. Since neither attorney state referees nor factfinders are judges, the requirements of article fifth, § 2, are not applicable. Factfinders are appointed solely by the chief court administrator in accordance with General Statutes § 52-549p.[7] See *Seal Audio, Inc.* v. *Bozak, Inc.*, supra, 501, 507–508, citing *Northern Pipeline Construction Co.* v. *Marathon Pipe Line Co.*, 458 U.S. 50, 73–86, 102 S. Ct. 2858, 73 L. Ed. 2d 598 (1982).

Similarly, under General Statutes § 52-549p, factfinders are not empowered to function as judges. The hearing procedures employed by factfinders in general and by this factfinder in particular are similar to those of attorney referees which were approved in *Seal Audio, Inc.* v. *Bozak, Inc.*, supra. Thus, on the basis of that case, we conclude that the delegation of authority to the rulemaking authority of the judges of the Superior Court who in turn established the factfinder program did not violate the defendant's constitutional rights.

The defendant's claim that the standards for selecting factfinders are vague and insufficient is without

---

[7] General Statutes § 52-549p provides in pertinent part: "(a) Upon publication of a notice in the Connecticut Law Journal, any commissioner of the superior court admitted to practice in this state for at least five years, who is willing and able to act as a fact-finder, may submit his name to the office of the chief court administrator for approval to be placed on a list of available fact-finders for one or more judicial districts. The criteria for selection and approval of the fact-finders shall be promulgated by the judges of the superior court. Upon selection and approval by the chief court administrator, for such term as he may fix, the fact-finders shall be sworn or affirmed to try justly and equitably all matters at issue submitted to them. The chief court administrator, in his discretion, may at any time revoke any such approval."

merit. The interpretation of § 52-434 (a) (4) that our Supreme Court adopted in *Seal Audio, Inc.*, limiting the role of an attorney referee to that of a factfinder or committee governed by the provisions of § 52-425 and Practice Book §§ 428 and 434, is a sufficient response to this claim. The statute and the rules relied on by the court clearly define the authority of a committee appointed to hear the evidence and report the facts to the court and also provide procedures for the protection of the rights of parties in challenging the findings of a committee in the trial court. On the basis of these findings, our Supreme Court has stated that "there is no longer any substance to the contention that § 52-434 (a) (4) is void for vagueness." *Midland Ins. Co.* v. *Universal Technology, Inc.*, supra, 52. We conclude that the statute and the rules governing factfinders provide similarly adequate standards and safeguards.

To the extent that the defendant also claims that due process requires a court to be constitutionally sanctioned and safeguarded by legislative control over appointments of those who perform a judicial role, our prior discussion of the claimed violations of article fifth, § 2, is a sufficient response. We concluded that factfinders do not function as judges and thus legislative control over appointments is not required. A similar conclusion has been reached in regard to due process challenges to the use of nonjudicial persons appointed by the federal judiciary to find facts. See *Seal Audio, Inc.* v. *Bozak, Inc.*, supra, 516; *United States* v. *Raddatz*, 447 U.S. 667, 681–84, 100 S. Ct. 2406, 65 L. Ed. 2d 424, reh. denied, 448 U.S. 916, 101 S. Ct. 36, 65 L. Ed. 2d 1179 (1980).

Since the defendant failed to raise properly claims three and four to the trial court, pursuant to Practice Book § 546H, or within the time extended by the trial court, and since they are nonconstitutional in nature, we will not review those objections.

We find no merit in the defendant's challenge to the findings of the factfinder and the judgment rendered in accordance therewith.

There is no error.

In this opinion the other judges concurred.