JAROSLAW PALUHA *v.* BRAVERMAN
GROUP, LLC, ET AL.
(AC 23958)

Lavery, C. J., and Foti and DiPentima, Js.

Argued September 16—officially released December 23, 2003

*William W. Taylor*, for the appellant (plaintiff).

*Jeffrey W. Keim*, with whom, on the brief, were *Bernard Green* and *Anthony E. Ahern*, for the appellees (named defendant et al.).

*Opinion*

DiPENTIMA, J. In this action arising out of a commercial real estate transaction, the plaintiff, Jaroslaw Paluha, appeals from the trial court's judgment rendered in accordance with the report of the attorney trial referee (referee) in favor of the defendants Braverman Group, LLC (Braverman Group), Jack Braverman and Malvin Jacobson.[1] Those defendants were the plaintiff's

---

[1] The defendant WHA Equities Corporation was not included in the judgment, but it joined the remaining defendants in the brief filed in this appeal. See Practice Book § 60-4.

real estate brokers. The plaintiff attacks various findings and conclusions of the referee. Because of the inadequacy of the record and the limited scope of our review, we affirm the judgment of the trial court.

The procedural facts pertinent to the plaintiff's appeal follow. The plaintiff brought this 1999 action against Braverman Group, Braverman and Jacobson, alleging breach of fiduciary duties, breach of contract, fraud and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. The plaintiff later filed a motion to cite in WHA Equities Corporation (WHA Equities) and Wolfgang H. Ankenbrank, the purchaser of the subject property and the president of WHA Equities.[2] That motion was granted, and the complaint was amended to allege tortious conduct on the part of Ankenbrank.[3] The case proceeded to trial before the referee on June 12, 2002. Thereafter, the parties filed briefs. On September 24, 2002, the referee filed his eleven page report recommending that judgment be rendered in favor of Braverman Group, Braverman and Jacobson.

The referee found the following facts pertinent to the issues in the plaintiff's appeal. The plaintiff and Joseph A. Barraco were owners of commercial property in Westport. In October, 1993, the plaintiff and Barraco listed the property for sale with Braverman Group. During the period between April and September, 1994, Jacobson, as a real estate agent operating subject to the brokerage license of Braverman Group, procured

[2] The referee's report was silent as to the other defendant, WHA Equities. At the time of the appeal, it did not appear that judgment had been rendered in favor of or against WHA Equities. Nevertheless, the judgment against Braverman Group, Braverman and Jacobson is a final judgment for purposes of appeal pursuant to Practice Book § 61-3 because it disposed of all causes of action against them.

[3] On May 23, 2001, the court granted Ankenbrank's motion to dismiss for insufficient service of process.

a purchaser for the property, namely, Ankenbrank. On September 1, 1994, the plaintiff and Barraco entered into a final and complete purchase agreement with Ankenbrank subject to terms set forth in the agreement.

Between the time of the contract signing and the closing, Ankenbrank remained in Germany. Jacobson arranged the formation of WHA Equities, which took title to the property to facilitate the closing. Because two officers were required, Jacobson was named secretary of WHA Equities. To purchase the property, Ankenbrank obtained a mortgage loan commitment that required a management agreement for the property. To accommodate the purchaser, Jacobson arranged for a management agreement between WHA Equities and S.R. Services, LLC (S.R. Services). Because the principal of S.R. Services was unavailable for signature in a timely fashion, and the management agreement had to be submitted to the bank prior to closing, Jacobson signed the agreement on behalf of S.R. Services. Jacobson was to receive no compensation from S.R. Services for acting as a liaison with WHA Equities. On November 15, 1994, the closing took place. At about thirty minutes prior to the closing, Braverman advised Barraco and his counsel that Jacobson had been involved with the purchaser of the property in forming WHA Equities and in arranging for a management contract by S.R. Services. At the closing, Braverman also raised the issue of claimed representation by Jacobson of S.R. Services and tried to negotiate an arrangement regarding future commissions with the plaintiff and Barraco. At the closing, Braverman Group was paid the commission pursuant to the listing agreement.

The referee then suggested various conclusions. He concluded that Jacobson had performed and fulfilled his obligations under the listing agreement, and had not violated any duties toward the sellers either in his involvement with WHA Equities or in the preparation

of the service agreement. He further concluded that the plaintiff and his coowner, Barraco, were aware of Jacobson's involvement with WHA Equities and S.R. Services prior to the closing. He also concluded that the plaintiff's expert witness did not have an opinion on the value of the property as of the date of the closing. As to damages, the referee concluded that there was no evidence. As to the coowner, Barraco, whom the referee found to be a necessary party, the referee concluded that the plaintiff had not shown that he was authorized to maintain the action on Barraco's behalf. The referee ultimately concluded that the plaintiff had failed to prove the allegations of the complaint's first and second counts. As to the third count, the referee concluded that the plaintiff had not proved fraud under the requisite clear and convincing standard, that Barraco was a necessary party, that General Statutes § 52-577 bars the cause of action and that the plaintiff had failed to prove damages. As to the fourth count, the referee concluded that the plaintiff had failed to prove any unfair or deceptive act or practice by the defendants under CUTPA, that Barraco was a necessary party and that the count was barred by General Statutes § 42-110g. The referee then recommended that judgment be rendered in favor of the defendants Braverman Group, Braverman and Jacobson on all counts directed against them.

On October 3, 2002, the plaintiff filed a motion for extension of time to file objections to the report. That motion was denied. On December 10, 2002, the plaintiff filed another motion for an extension of time to file objections to the report. The defendants filed an objection to that motion. On February 3, 2003, the court rendered judgment in accordance with the report. At that proceeding, the court was presented with an objection to the report filed by the plaintiff and dated January 29, 2003. In its ruling, the court stated the following:

"It's a total lack of civility to both the court and to brother counsel, and, there being no mechanism in the Practice Book for the filing of an objection to [a referee's] report four and one-half months after the rendering of that report, this court *refuses to accept same today, denies or overrules the objection* and enters judgment on an eleven page [referee's] report filed September 24, 2002, which includes more than sufficient findings of fact and which this court finds the conclusions therein to flow from the findings of fact." (Emphasis added.) This appeal followed.

Significantly absent from the issues raised on appeal is any claim that the court improperly refused to accept the objections as untimely. Rather, the issues address the substance of the referee's report and the judgment rendered in accordance with that report. Specifically, the plaintiff claims that the referee ignored critical testimony conflicting with his findings and conclusions, made improper conclusions regarding fiduciary duties of brokers, improperly found no damages, improperly found that a necessary party not in the action precluded judgment in favor of the plaintiff and improperly found that § 52-577 barred the action.

Before reaching those issues, we address the limited scope of our review. As previously stated, the plaintiff did not raise on appeal the court's refusal to consider his objection. Accordingly, the court's ruling stands, and this court must consider the issues on appeal as if no objection had been filed. Further, the plaintiff did not seek an articulation of the trial court's ruling rendering judgment in accordance with the report with the terse phrase "enters judgment on an eleven page [referee's] report filed September 24, 2002, which includes more than sufficient findings of fact and which this court finds the conclusions therein to flow from the findings of fact."

When there is no objection filed to an attorney trial referee report, "the [plaintiff] is precluded from effective appellate review . . . ." *Seal Audio, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 518, 508 A.2d 415 (1986). In addition, when there is an inadequate record for this court's review, this court will decline to afford review. *Alliance Partners, Inc.* v. *Oxford Health Plans, Inc.*, 263 Conn. 191, 202–203, 819 A.2d 227 (2003). The extent of the remaining review will be addressed with each claim.

## I

The plaintiff claims that the referee improperly found a number of facts. As to those claims, because of the lack of objections, the court's review is severely circumscribed. "In *Seal Audio, Inc.* v. *Bozak, Inc.*, supra, 199 Conn. 518, the seminal case examining the procedures for matters heard by an attorney referee, our Supreme Court held that [w]ith respect to the various claims of error relating to the merits of the factual findings made by the attorney referee, as well as the judgment rendered by the trial court based thereon, the defendant is precluded from effective appellate review by its failure to file a motion to correct the report of the referee pursuant to Practice Book § 438 [now § 19-12] or an objection to acceptance thereof pursuant to Practice Book § 440 [now § 19-14]. The court declined to review the factual findings because [a] litigant cannot wholly ignore established procedures for the protection of its rights . . . and hope to receive on appeal the same treatment accorded to those who follow the rules of practice." (Internal quotation marks omitted.) *Tarka* v. *Filipovic*, 45 Conn. App. 46, 51–52, 694 A.2d 824, cert. denied, 242 Conn. 903, 697 A.2d 363 (1997).[4] Here, because the plaintiff effectively failed to file an objec-

[4] In 2000, our rules of practice were amended to repeal the rules providing for a motion to correct and the filing of exceptions (Practice Book §§ 19-12, 19-13). What remains is a one step process of review through Practice Book § 19-14, titled "Objections to Acceptance of Report."

tion to the referee's report, we decline to review the challenged findings of fact.

## II

The plaintiff next claims that the court improperly rendered judgment in accordance with the referee's report because the referee claimed that the plaintiff did not prove damages. As to the claim of damages, "[w]e recognize that [t]he trial court has broad discretion in determining damages. . . . The determination of damages involves a question of fact that will not be overturned unless it is clearly erroneous." (Citations omitted; internal quotation marks omitted.) *Beverly Hills Concepts, Inc.* v. *Schatz & Schatz, Ribicoff & Kotkin,* 247 Conn. 48, 68, 717 A.2d 724 (1998).

Because the determination of damages is a question of fact and the plaintiff effectively failed to file an objection to the referee's report, "the [plaintiff] is precluded from effective appellate review . . . ." *Seal Audio, Inc.* v. *Bozak, Inc.,* supra, 199 Conn. 518. Therefore, this court will not review the findings of fact.

## III

The plaintiff also claims that the referee made a number of improper legal conclusions. As to the legal conclusions the plaintiff is contesting, this court reviews the court's adoption of the referee's report as it applies the law to the facts found.

"[B]ecause the attorney trial referee does not have the powers of a court and is simply a fact finder, [a]ny legal conclusions reached by an attorney trial referee have no conclusive effect. . . . The reviewing court is the effective arbiter of the law and the legal opinions of [an attorney trial referee], like those of the parties, though they may be helpful, carry no weight not justified by their soundness as viewed by the court that renders judgment. . . . Where legal conclusions are chal-

lenged, we must determine whether they are legally and logically correct and whether they find support in the facts found by the . . . referee." (Internal quotation marks omitted.) *Shapero* v. *Mercede*, 77 Conn. App. 497, 501–502, 823 A.2d 1263 (2003).

We decline to review the plaintiff's claims because the record before us is inadequate. The plaintiff failed to file a motion for articulation with respect to the court's acceptance of the referee's report. In *Alliance Partners, Inc.* v. *Oxford Health Plans, Inc.*, supra, 263 Conn. 192, the plaintiff real estate services provider brought an action against the defendant health maintenance organization for money owed in connection with the plaintiff's representation of the defendant when it leased certain real estate. A referee issued a report recommending judgment for the defendant. Id., 193. The trial court accepted the report and rendered judgment for the defendant. Id. From that judgment, the plaintiff appealed. In denying the appeal, our Supreme Court stated that "[i]t is well settled that [a]n articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification. . . . [P]roper utilization of the motion for articulation serves to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal. . . . The [appellant's] failure to seek an articulation of the trial court's decision to clarify the aforementioned issues and to preserve them properly for appeal leaves this court without the ability to engage in a meaningful review." (Citation omitted; internal quotation marks omitted.) Id., 204.

As we often have stated: "It is incumbent on the appellant to provide an adequate record for appellate review. See Practice Book § 60-5. Here, the plaintiff did not seek an articulation of the court's findings. See Practice Book § 66-5. Our role is not to guess at possibil-

ities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the plaintiff's claim] would be entirely speculative." (Internal quotation marks omitted.) *Santangelo* v. *Elite Beverage, Inc.*, 65 Conn. 618, 622, 783 A.2d 500 (2001).

In the present case, it is unclear from the court's memorandum of decision whether it ruled on the basis of the facts found or the legal conclusions drawn therefrom, which, although not binding, nevertheless factored into the referee's report. For example, the court did not expressly determine whether the referee properly concluded that the plaintiff's failure to bring Barraco into the action precluded the trier from rendering judgment, that the plaintiff's failure to bring his action in accord with § 52-577 precluded review or that no fiduciary duty of loyalty was violated at the time of the alleged breach. We cannot ascertain whether the court concluded that the plaintiff's failure to comply with § 52-577, his failure to join Barraco or his inability to prove a breach of fiduciary duties precluded the plaintiff from obtaining relief as a matter of law. Alternatively, we do not know whether the court decided those claims on the basis of the evidence or lack thereof noted by the referee. The transcript provides only that judgment was rendered "on an eleven page [referee's] report filed September 24, 2002, which includes more than sufficient findings of fact and which this court finds the conclusions therein to flow from the findings of fact." Accordingly, we decline to review the plaintiff's claim.

The judgment is affirmed.

In this opinion the other judges concurred.