MAURICE A. GRUSKAY vs. JOSEPH SIMENAUSKAS,
ADMINISTRATOR, ET AL.

Third Judicial District, New Haven, January Term, 1928.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The first count of the complaint was for recovery upon an express
contract by the defendants to pay the plaintiff, an attorney at
law, sixty per cent of the amount recovered in a negligence
action; the second count upon a *quantum meruit*. Upon the
trial plaintiff's counsel stated that no claim was made under the
second count. About one month after the conclusion of the
trial, the judge notified counsel by letter that he would be
obliged to find for the defendants upon the first count because
the contract was extortionate and void, but that he would hear
expert evidence as to the reasonable value of the plaintiff's
services. Thereafter such a hearing was held and judgment
rendered for the plaintiff upon the second count. *Held* that the
statement of counsel was, in effect, a withdrawal of the second
count; but that the subsequent action of the trial court and the
acquiescence of the plaintiff's counsel therein, was equivalent
to the granting of a motion, well within its power, for its
restoration.

Under §5524 of the General Statutes, a judge of the Superior Court
may finish a trial and render judgment therein at any time
prior to the close of the term or session next succeeding the
one at which it was commenced before him.

The right of defendant's counsel to pursue his cross-examination of
the plaintiff concerning the reasonable value of his services,
which was interrupted at the original trial by the withdrawal
of the second count, should have been accorded at the second
hearing, which was too narrowly restricted by the terms of the
judge's letter to the reception of expert testimony; but the
failure of the court to extend this opportunity was not error
in the absence of a request on the part of counsel.

A hypothetical question which assumes facts not appearing of
record and includes facts not relevant to the issue to which
the question relates, should be excluded from evidence.

Letters written by the plaintiff to defendants' counsel, and the
latter's replies, tending to contradict the plaintiff's testimony
that he had no knowledge of a certain claim made by the
defendants, were admissible to affect the plaintiff's credibility;
but their exclusion was too inconsequential to constitute re-
versible error.

Gruskay  v.  Simenauskas.

Evidence offered under the first count at the original trial was available in support of the allegations of the second count upon the second hearing.

The value of the plaintiff's services in trying the negligence action and in carrying an appeal to the Supreme Court of Errors could not be estimated without taking into consideration the services of other attorneys who conducted the retrial of the case and won a verdict.

A contract between attorney and client for a contingent fee is not illegal provided it is fair and reasonable; but such agreements will be closely scrutinized and, if unfair or extortionate, will be declared void.

A contract for a contingent fee of sixty per cent in a negligence action is unconscionable and void; one for fifty per cent could be justified only in the exceptional case and upon condition that it covered all legal services of all attorneys engaged in the litigation on behalf of the plaintiff.

In weighing expert testimony as to the reasonable value of legal services, a court is entitled to take into consideration its general knowledge of the subject.

Argued January 18th—decided February 28th, 1928.

ACTION to recover the value of legal services alleged to have been rendered by the plaintiff to the defendants, brought to the Superior Court in New Haven County where the defendants' demurrer to the first count of the complaint was overruled (*Dickenson, J.*) and the issues tried to the court, *Marvin, J.;* judgment for the plaintiff, and appeal by the defendants. *Error and new trial ordered.*

*Clayton L. Klein,* with whom, on the brief, was *Frederick M. Peasley,* for the appellants (defendants).

*Charles S. Hamilton,* for the appellee (plaintiff).

WHEELER, C. J. The plaintiff's action stood in count one upon an express contract; by amendment a second count upon a *quantum meruit* was added. Upon the trial, counsel for the plaintiff in response to the court's inquiry stated that he did not claim

anything under the second count, but had already said in reply to the question of counsel for the defendant, that he would not withdraw the second count. The trial was concluded on December 21st, 1926, and on January 22d, 1927, the court notified counsel for each party by letter that it should be obliged to find for the defendant on the first count, but that as the second count appeared to be still in the case it was prepared to receive evidence of the reasonable value of the services of the plaintiff which had not up to that time been offered. Counsel for defendant by letter to the judge objected to the taking of further evidence, and two days later the judge wrote counsel for defendant fixing a day for the hearing of further evidence, and saying: "There is no occasion that I know of for letting in evidence of anything except the opinion of lawyers who may be produced on one side or the other as to the reasonable value of the services rendered." At the designated time the court heard such evidence upon this subject as the parties desired to offer and thereafter rendered judgment.

The statement of counsel for the plaintiff that he did not claim anything under the *quantum meruit* count but stood on his express contract, constituted in effect, a withdrawal of the *quantum meruit* count. It was within the power of the court at any time while the case was pending before it to have permitted counsel for the plaintiff to reinstate this count of his complaint which he had withdrawn. In the condition of the record, we treat the action of the court and the acquiescence in this action by the plaintiff's counsel as equivalent to a motion upon his part to restore the second count to the case, and to the granting by the court of his motion.

Defendant's claim that the judge was without jurisdiction to have rendered judgment on March 31st,

1927, was not well taken. It is immaterial what the proper procedure may have been prior to the enactment of General Statutes, §5524. This statute expressly gave the judge of the Superior Court power to finish a trial which he has begun and render judgment therein after the expiration of the term or session of the court, at which such trial commenced, at any time prior to the close of the next term or session.

At the trial on the first hearing it appeared that plaintiff was admitted to the bar in 1918. He had represented two or three plaintiffs in contested and uncontested divorce actions. He had represented one of two defendants in a fraud action tried to the court, and had appeared for several persons in criminal cases, but had never before undertaken the trial of a civil case to the jury or before taken an appeal to the Supreme Court of Errors. Defendant's counsel was about to continue the cross-examination by inquiring of him upon the reasonable value of his services, when plaintiff's counsel objected because the plaintiff was not a witness on the reasonable value of the services and that plaintiff was not obliged to prove both counts but could stand on the one setting up an express contract. Thereupon plaintiff's counsel said he would claim nothing under the *quantum meruit* count. Defendant's counsel was entitled to interpret this as a withdrawal of the count, as we have interpreted it, and in consequence to cease further cross-examination upon this subject.

The court had in its letters to counsel limited the introduction of additional evidence to the opinions of lawyers as to the reasonable value of the services rendered. It resulted that, owing to the withdrawal of the second count, the counsel for the defendant interrupted his cross-examination before it was concluded and, owing to the court's ruling in limiting the scope

of the additional hearing, the defendant's counsel has never had the opportunity to cross-examine the plaintiff as to the reasonable value of his services; this he claims was error. We think he was entitled to have completed his cross-examination of plaintiff at the final hearing, and had his counsel requested it, no doubt the court would have accorded him this opportunity upon the final hearing, but he did not make the request, and we cannot upon this ground hold the court in error.

The hypothetical question asked of the witness Lewis was objected to upon the ground that it did not include the matter of the plaintiff's experience in the trial and preparation of cases, that it included facts which the record does not substantiate, that it included the fact of the making of the written contract under count one, and that it included services rendered against defendants' objection, and included services rendered the defendants which were rendered by the attorney who tried the case and secured the verdict. The question stated merely that the plaintiff had a fair experience in the preparation and trial of cases when the facts appear in the record which we have heretofore stated. It assumes facts relating to plaintiff's services which do not appear in the record. It assumes the facts relating to the express contract under count one, which the court had already ruled would not support a recovery and had no relation to the question of the reasonableness of the services. The objection to the hypothetical question should have been sustained. The court then added to the facts contained in the hypothetical question facts relating to the pleadings, the appeal to the Supreme Court, and the fact that plaintiff had tried no other case to the jury in the Superior Court, or appeared in the Supreme Court. The witness then said with these

additions he was unable to answer the question as to the value of the services rendered.  Three other witnesses answered the hypothetical question, and each said from forty to fifty per cent would be a reasonable charge for the services rendered, but the additional facts stated by the court do not appear to have been included in the question asked these witnesses. The same objection to the question was made in each case, and an exception taken to its admission.  The court was in error, for the reasons stated, in overruling the objection in each instance.

The plaintiff testified that he had no knowledge that defendants had ever made a certain claim to him. Thereupon defendants' counsel offered in evidence as affecting plaintiff's credibility a letter from plaintiff to defendants' counsel and his reply to plaintiff.  The letters were admissible.  The witnesses, Jenusatitis and Simenauskas, were also inquired of as to the same matter for the same purpose.  Their testimony was improperly excluded.  The exclusion of these letters and testimony was not of sufficient consequence to constitute reversible error.

Evidence had been offered on the first hearing tending to prove in part the service rendered by the plaintiff.  Since this evidence had been offered under count one, which the court held was based upon an illegal contract, because of the extortionate charge, defendants' counsel claims this evidence could not be used in support of the allegations of the second count.  We see no reason why it might not be used for this purpose on the rehearing.  Whether it was sufficient for that purpose is another matter.  The holding of the trial court upon the testimony given in response to the hypothetical question which excluded the services rendered by the attorneys who finally tried and won the case was in effect a holding that the plaintiff's

compensation was to be determined without reference to the services rendered by these attorneys. This we think was an erroneous ruling. What was reasonable compensation for the plaintiff could not be determined without consideration of the services of the attorneys who tried the case the second time and won the verdict. Defendants predicate error upon the trial court's conclusion that plaintiff made reasonable and necessary expenditures for and in behalf of the administrator amounting to $374.60. It is true this conclusion does not find support in the subordinate facts.

The demurrer to the express contract upon which count one was predicated was overruled by an earlier court; the ruling was erroneous, but this was corrected by the trial court who held correctly that this contract was unfair, extortionate and illegal. A contract for contingent compensation is not illegal provided the compensation specified is fair and reasonable. A contract of this character is often the only way by which the poor and helpless can have their rights vindicated and upheld and the injuries they have suffered redressed. For the reason that plaintiffs who are poor, or helpless, or in distress of body or mind, may be imposed upon, or yield too easily to unjust professional demands, courts will look closely at a contract for contingent fees and whenever the compensation exacted is unfair or extortionate they will declare the contract void. A contingent compensation in prosecuting an action for damages of sixty per cent of the recovery or settlement, such as plaintiff's cause of action under count one was based upon, is extortionate and the contract for such a compensation was properly held to be unconscionable and void. *Grievance Committee* v. *Ennis,* 84 Conn. 594, 605-607, 80 Atl. 767.

Error is predicated upon the trial court's conclusion that the plaintiff should recover $2,500 for his services

exclusive of his expenditures of $374. This conclusion is erroneous. With the hypothetical question excluded, there was no sufficient evidence before the court upon which to predicate such a conclusion. Courts have a general knowledge of what would be reasonable compensation for services which are fairly stated and described. That knowledge they may apply in considering the testimony of experts upon this subject. They will not be bound by the experts' estimate. The action for damages which would justify a contract for a contingent compensation of fifty per cent of the recovery or settlement would be the exceptional one. And such contingent compensation would cover all legal services of all attorneys engaged in the litigation on behalf of the plaintiff. The action for damages, for services in which compensation is sought in the case before us, we became familiar with on the first appeal. The case was not one of exceptional difficulty to prepare or try.

There is error and a new trial is ordered.

In this opinion the other judges concurred.