## JASON PEARL *v.* NORMAN NELSON
## (5412)

DUPONT, C. J., SPALLONE and STOUGHTON, Js.

Submitted on briefs September 14, 1987—decision released January 5, 1988

*Joseph Neiman* filed a brief for the appellant (defendant).

*Robert L. Hirtle, Jr.,* and *Randall Hayes* filed a brief for the appellee (plaintiff).

STOUGHTON, J. This is an action seeking payment for legal services rendered to the defendant. The defendant filed a counterclaim alleging malpractice by the plaintiff. Judgment was rendered after verdicts for the plaintiff on his complaint and on the defendant's counterclaim. The defendant appealed to this court. We find no error.

The defendant retained the services of the plaintiff, a member of the Connecticut bar, on July 13, 1984, to obtain a dissolution of his marriage and a property settlement. The plaintiff instituted an action for dissolution and, on December 17, 1984, dissolution was obtained. The defendant paid the plaintiff $1973.42 for legal services and disbursements, but refused to pay the balance of the plaintiff's final bill of $15,000. Thereupon, the plaintiff brought this action in three counts against the defendant seeking payment. The plaintiff alleged in his complaint that he had rendered professional services the value of which was $15,000 and that $13,200 was then still owing, that he had relied upon a promise by the defendant to pay for the services rendered, and that the defendant had been unjustly enriched. The defendant's counterclaim, sounding in malpractice, sought the return of the sums paid as fees, and other damages. He alleged that he had instructed the plaintiff to obtain a dissolution upon the ground of desertion, that the plaintiff had instead sought a dissolution on the ground of irretrievable breakdown, and that this had resulted in a costly property settlement.

The jury returned a general verdict on the complaint for the plaintiff in the amount of $11,000. On the counterclaim, the trial judge directed a verdict in favor of the plaintiff.

The defendant has briefed three claims of error. His claims are (1) that the court erred in allowing expert testimony as to the reasonable value of the services ren-

dered instead of limiting the evidence to a determination of the contract price, (2) that the court erred in failing to charge on breach of contract when the counterclaim alleged such a breach along with a claim of malpractice, and (3) that the court erred in ruling that an expert witness is required in a legal malpractice case based upon an alleged breach of contract and in directing a verdict because such an expert was not produced by the defendant.

The agreement between the parties concerning the fee to be charged, as stated in the defendant's reply brief, provided: "$1,000 plus expenses if the suit were not contested and either 'more' if Mr. Pearl's version is believed or 'a little more' if Mr. Nelson's version prevails in the trier's mind." It is apparent that the action for dissolution of marriage was not tried as an uncontested matter and, thus, that the agreement between the parties did not fix the amount of the fee. Counsel for the plaintiff called, as an expert witness, a practicing lawyer, whose qualifications were admitted, to testify as to the reasonableness of the fee charged. Counsel for the defendant objected that the complaint did not claim recovery in quantum meruit and that the contract controlled the amount of the fee. The complaint did seek recovery in quantum meruit. The trial court allowed the testimony on the question of the reasonableness of the fee, and we find no error in the ruling of the court. Courts have a general knowledge of what would be a reasonable attorney's fee for services which are fairly stated and described; *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 680, 443 A.2d 486 (1982); but the subject is not one which is within the ordinary knowledge and experience of jurors. When recovery is sought under a contract which provides for payment of reasonable attorney's fees, an evidentiary showing of reasonableness is required. Id. Here, there was an agreement for services to be performed and, since the fee was not fixed, the agreement contemplated a reasonable fee.

The defendant's counterclaim asserts a cause of action for malpractice based in part on allegations of breach of contract in failing to follow instructions. The defendant claims that the court erred in failing to charge the jury with respect to the breach of contract claim. Because the court directed a verdict on the counterclaim, there was no charge given. The defendant claims that he had instructed the plaintiff to allege desertion as a ground for dissolution, but that the plaintiff instead alleged irretrievable breakdown and therefore breached his contract. The plaintiff, however, had amended the complaint in the dissolution action to allege desertion. The trial court did not err, therefore, in directing the verdict as to the breach of contract aspect of the counterclaim.

The defendant also based his counterclaim on the alleged lack of professional skill on the part of the plaintiff. It is well settled that expert testimony is required in a medical malpractice case to establish the standard of proper professional skill or care; *Shelnitz* v. *Greenberg,* 200 Conn. 58, 66, 509 A.2d 1023 (1986); except in cases of gross want of care or skill. There is no reason for a different rule where legal malpractice is claimed. See *Dunham* v. *Dunham,* 204 Conn. 303, 317, 528 A.2d 1123 (1987). This was not a case of such gross want of care or skill as to make it unnecessary to present expert testimony. Therefore, the trial court properly directed the verdict as to the defendant's assertion of legal malpractice in his counterclaim.

There is no error.

In this opinion the other judges concurred.