[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding sounds in legal malpractice and was drawn in five counts against the named defendants under the firm name and style of Cohen Channin. The plaintiff's pleadings border on a factual morass from which a relatively simple scenario emerges. In May of 1986, the plaintiff (hereinafter "Dave") resided in an apartment in Hartford with his parents who were visiting from their homeland at the time of the traumatic insults. Dave's father, Shivprasad, was 66 years old, had been subject to the partial amputation of his right leg during his adolescence, was paralyzed on his right side as the result of a stroke and was then recovering from a CT Page 2295 heart attack suffered the previous year. At approximately 2:00 in the morning of May 4, 1986, he apparently awakened and was proceeding without help from the bedroom to the bathroom in Dave's apartment. At that time, he fell over a telephone wire in the hallway and suffered a fracture of his right femur.
At that time, Dave had purchased a renter's insurance policy from the Allstate Insurance Company (hereinafter "Allstate"). The injury was duly reported to the carrier and in July of 1987, Dave's father instituted legal action against Dave alleging negligence in leaving the telephone wire in his father's path. The suit claimed three hundred thousand ($300,000.00) dollars in damages; Dave's coverage was one hundred thousand ($100,000.00) dollars.
In due course, Allstate retained the firm of Cohen Channin, in which the individual defendants were partners, to defend the action. The defendant, Cavanaugh (hereinafter "Cavanaugh"), directed a letter to Dave advising him that he had been selected by Allstate to defend him. Thereafter, on September 26, 1987, Cavanaugh and Dave met and conferred on the litigation. At that meeting, Dave made it known that it was his desire to concede liability in the litigation. At a status conference between Cavanaugh and counsel for Shivprasad[1] on October 16, 1987, Cavanaugh discovered that Shivprasad had returned to India and was then located in an "inaccessible region." On October 20, 1987, Cavanaugh filed an answer and special defense alleging contributory negligence against Shivprasad in the action then pending in the United States District Court in Hartford. When Dave learned that Cavanaugh had filed such an answer with the special defense, despite his desire to concede liability, he immediately filed a grievance against Cavanaugh. Cavanaugh subsequently withdrew from representing Dave and the carrier assigned the case to a different firm. The grievance was subsequently dismissed by the State Wide Grievance Committee upon a finding that Cavanaugh did not act unreasonably in his representation of Dave and that he "took all necessary steps to avoid a conflict of interest." The defendants have filed substantial documentation in support of their motion for summary judgment and Dave has filed a memorandum in opposition thereto with his affidavit and the affidavit of his now attorney.
"Practice Book, Sec. 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment is a matter of law.'" Hammer CT Page 2296 v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578; Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399,402. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Town Bank Trust Co. v. Benson,176 Conn. 304, 309; Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317. However, a nonmoving party in opposition to such a motion must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Burns v. Hartford Hospital, 192 Conn. 451, 455; Connell v. Colwell, 214 Conn. 242, 246-47.
An attorney owes his client a duty to exercise reasonable care, skill and diligence in the performance and execution of the legal services being furnished. "The level of that duty was to exercise the same degree of care, skill and diligence which other attorneys in the same or similar locality and in the same line of practice would have exercised in similar circumstances." Bent v. Green,39 Conn. Sup. 416, 420; Wright v. Williams, 47 Cal.App.3d 802,809-10, 121 Cal.Rptr. 194.
Dave's dissatisfaction with Cavanaugh's representation, as previously stated, arises from Cavanaugh's filing of an answer and special defense in the action where Dave clearly indicated his desire to assume liability for the injury suffered. It is his contention that Cavanaugh in filing the answer and special defense, together with the codefendants, were acting in furtherance of Allstate's interest rather than his own. In paragraph 10(f) of the complaint, Dave alleges that it was his objective to act in a manner which would minimize the quantum of damages up to the policy limits.
It is extremely clear to the court that Cavanaugh's action in filing the answer and special defense was indeed pursuing precisely that objective. He stated he did so in order to protect the plaintiff because to admit to liability would have exposed him to two hundred thousand ($200,000.00) dollars in excess of the limits of the policy. Cavanaugh also added that he took the only action he perceived to be available in view of the fact that Shivprasad was unavailable for a deposition and there was no response to any formal discovery requests. It was therefore impossible for him to assess the issue of damages. It is also quite clear to the court that Dave, by means which would hardly be called subtle, attempted to control the representation being offered by the defense firm. However, a lawyer is not required to pursue objectives or employ means simply because a client may CT Page 2297 wish that lawyer to do so. In questions of means, the lawyer should assume responsibility for technical and legal tactical issues. A.B.A. Model Rules of Professional Conduct, Comment to Rule 1. 2. This court can only conclude that Cavanaugh and his firm acted in accordance with Dave's objectives and exercised reasonable care, skill and diligence in their defense of him.
As a general rule, for a plaintiff to prevail in a legal malpractice case in Connecticut, he must present expert testimony to establish the standard of proper professional care or skill.[2] Dunham v. Dunham, 204 Conn. 303, 317; Pearl v. Nelson, 13 Conn. App. 170, 173. Davis v. Margolis, 215 Conn. 408, 416. The court is constrained to recognize that Dave has presented no documentation whatsoever that approaches what might be called potential expert testimony as to the requisite standard of care and that that standard is higher than the standard observed by the defendants.
Generally, actionable malpractice cannot be established in the absence of such a showing that the attorney's wrongful conduct has deprived the client of something to which he would otherwise have been entitled. 7A C.J.S. Attorney and Client, Sec. 255. Dave's claims for damage are based exclusively upon emotional and mental distress and extreme anguish. This court holds that Cavanaugh and his firm did not cause any actionable loss to Dave but rather the antithesis of that proposition. They in fact prevented him from being exposed to liability of two hundred thousand ($200,000.00) dollars in excess of the policy limits.
The motion for summary judgment is, accordingly, granted.
MORAGHAN, JUDGE