JOSEPH R. HOLT ET AL. *v.* PEOPLE'S BANK
(AC 19976)

Schaller, Dranginis and Stoughton, Js.

Argued December 11, 2000—officially released April 3, 2001

*Brenden P. Leydon,* for the appellants (plaintiffs).

*Thomas R. Gerarde,* for the appellee (defendant).

*Opinion*

STOUGHTON, J. The plaintiffs appeal from the judgment of the trial court rendered in favor of the defendant in this premises liability action. The plaintiff Joseph Holt sought damages for injuries that he sustained in a fall that occurred while he was on the defendant's premises. The plaintiff Donna Holt joined in the action claiming damages for loss of consortium.[1] The defendant, People's Bank, interposed a special defense, alleg-

---

[1] Donna Holt's claim for loss of consortium is derivative of her husband's claim for personal injuries, which is at issue, and, therefore, we address only his claim and refer to Joseph Holt as the plaintiff.

ing negligence on the part of the plaintiff. The case was tried to an attorney trial referee, who issued a report in which he concluded that the plaintiff's own negligence barred recovery. The plaintiffs timely filed a motion to correct this finding, which the court denied. They then filed objections to the acceptance of the report of the attorney trial referee and exceptions to the report of the attorney trial referee, which were both heard and overruled by the trial court. The court subsequently accepted the report and rendered judgment for the defendant. This appeal followed.

The plaintiffs claim that the attorney trial referee improperly (1) found that the plaintiff slipped on his way to the teller in the same area where he ultimately fell, thus imputing knowledge of the hazard to him, and (2) premised his conclusion that the plaintiff was negligent on the fact that the plaintiff was wearing cowboy boots with smooth leather soles. We affirm the judgment of the trial court.

The attorney trial referee's report included the following relevant findings of fact and conclusions of law. On January 9, 1996, the defendant owned and controlled an office at 3 Pickwick Plaza in Greenwich. The bank had two entrances that led from the outside to the interior of the bank and the teller counter. On the previous day, heavy snow had fallen, and, on January 9, 1996, approximately nineteen inches of snow and ice had accumulated on the ground in Greenwich. Because customers tracked snow, slush and water into the bank, bank personnel placed warning signs at each entrance and periodically mopped the floor of the bank.

In the midafternoon of January 9, 1996, the plaintiff parked his car in a parking garage located near the rear entrance of the bank. He was wearing cowboy boots with smooth leather soles and walked along a snow covered path to the rear entrance of the bank. He

walked across the lobby to a customer desk and waited in line for the next teller. While in line, the plaintiff noticed an accumulation of water and slush on the floor. As he walked toward Wesley Jaramillo, the next available teller, Jaramillo noticed the plaintiff slip, but not fall, on the area in front of the tellers. After the plaintiff completed his transaction, he turned, walked across the same area from which he came and slipped and fell on an accumulation of snow, ice, slush and water. The plaintiff became soaked with water and slush while he was on the floor.

The attorney trial referee concluded that the plaintiff was a business visitor and that the defendant was negligent, but he also concluded that the plaintiff, himself, was negligent. The referee concluded that the plaintiff's negligence was 70 percent of the total negligence that caused his fall and, thus, that he was barred from recovery pursuant to General Statutes § 52-572h (b).[2]

A reviewing authority may not substitute its own findings for those of the Superior Court reviewing the findings of an attorney trial referee. *Elgar* v. *Elgar*, 238 Conn. 839, 848, 679 A.2d 937 (1996). An attorney trial referee's determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment. Id., 849. "The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire

---

[2] General Statutes § 52-572h (b) provides in relevant part: "In causes of action based on negligence, contributory negligence shall not bar recovery in an action by any person or the person's legal representative to recover damages resulting from personal injury, wrongful death or damage to property if the negligence was not greater than the combined negligence of the person or persons against whom recovery is sought including settled or released persons under subsection (n) of this section. . . ."

evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) Id.

The plaintiff first claims that the attorney trial referee improperly found that the plaintiff had actual notice of the wet and slippery conditions of the particular area of the floor where he had fallen because of his finding that the plaintiff previously had slipped there. The plaintiff claims that this finding rested solely on the testimony of Jaramillo. Jaramillo testified that he believed that the plaintiff approached the counter in an awkward manner. He further testified that he "believe[d] it could have been any number of things. It could have been maybe him shifting his body or legs, or maybe slipping. [I] don't know exactly what it was. But I thought I saw something awkward when he was approaching."

This testimony supports the finding by the attorney trial referee that the teller saw the plaintiff slip as he approached the counter. Moreover, in the referee's ruling on the plaintiff's motion to correct, in which he found that the plaintiff was aware that the area was wet and slippery, the referee expressly indicated that he did not rely solely on the testimony of the teller, but rather on all of the evidence presented. He also noted that the plaintiff had testified that prior to his fall he had noticed an accumulation of water and areas of slush on the floor. The referee also found that the plaintiff noticed a large amount of water and slush all over the floor of the bank after he fell. Furthermore, the plaintiff did not challenge the court's finding that warning signs were placed on the doors. In ruling on the motion to correct, the referee determined that the plaintiff had seen "some sign" on the back door. These facts sufficiently supported the finding that the plaintiff had seen the warning signs as he entered the bank. The referee did not find credible the plaintiff's testimony that he did not see the signs. The resolution of these

conflicting factual claims falls within the province of the trier of fact. *Nor'easter Group, Inc.* v. *Colossale Concrete, Inc.*, 207 Conn. 468, 473, 542 A.2d 692 (1988).

We conclude that there was ample evidence to support the finding by the attorney trial referee that the plaintiff knew of the wet and slippery condition of the floor before he fell. The referee's conclusions that the plaintiff had failed to heed the warnings, knew of the dangerous conditions and failed to take adequate precautions for his own safety were not clearly erroneous.

The plaintiff next claims that the attorney trial referee improperly concluded on the basis of the fact that the plaintiff was wearing cowboy boots that he was negligent. The referee found that the plaintiff knew that leather soles can absorb water and would become slippery when wet. The referee's conclusion that wearing cowboy boots contributed to the plaintiff's fall was not clearly erroneous, and because the conclusion of negligence also was based on all of the factors recited earlier in this opinion, it was not improper.

The judgment is affirmed.

In this opinion the other judges concurred.