## PAUL D. SHAPERO *v.* FRANK MERCEDE, JR.
### (AC 21230)

Schaller, Mihalakos and O'Connell, Js.

Argued April 23—officially released October 23, 2001

*Neal L. Moskow*, with whom, on the brief, was *Deborah M. Garskof*, for the appellant-appellee (defendant).

*Brenden P. Leydon*, for the appellee-appellant (plaintiff).

*Opinion*

MIHALAKOS, J. The defendant, Frank Mercede, Jr., appeals from the judgment of the trial court, rendered in favor of the plaintiff, Paul D. Shapero, in the amount of $22,500. On appeal, the defendant claims that the court improperly (1) awarded the plaintiff damages on his claim for nonpayment of legal fees when the attorney trial referee (referee) had found that no evidence as to the value of the plaintiff's services had been introduced at the hearing, (2) awarded the plaintiff damages on his claim for nonpayment of legal fees when the referee based her decision on evidence outside the record, and (3) awarded the plaintiff damages on his claim for nonpayment of legal fees where the referee's conclusions are internally inconsistent and unsupported by findings of fact. We agree and therefore reverse the judgment of the trial court.

The plaintiff has filed a cross appeal, claiming that (1) the defendant's claims are not properly reviewable, as he did not provide the trial court with a transcript of the hearing conducted by the referee, (2) the plaintiff introduced sufficient evidence for the court to determine fairly the value of his services, (3) the defendant's brief is inadequate for review, and (4) the court improperly allowed the defendant to obtain a credit of $5000 when the defendant did not plead a proper special defense or setoff. We do not agree with the plaintiff's claims.

The following facts and procedural history are pertinent to our resolution of these appeals. In May, 1995, the defendant hired the plaintiff, an attorney, to represent him in a tax appeal to reduce the assessment on two commercial properties owned by the defendant. On May 17, 1995, the defendant paid the plaintiff a $5000 retainer and entered into an agreement to pay the plaintiff on a contingency fee basis. In May, 1997, the defendant discharged the plaintiff and hired substitute counsel on an hourly basis. Within four months, substitute counsel had successfully concluded the defendant's appeal. The appeal resulted in a tax burden reduction of $330,000 for the defendant's properties. The defendant paid substitute counsel $15,000 for services rendered in resolving the matter.

On February 8, 1998, the plaintiff filed an action against the defendant to recover legal fees under causes of action sounding in quantum meruit, breach of contract, unjust enrichment, violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., and fraud. The defendant thereafter alleged two special defenses: (1) that the plaintiff was paid for his work, and (2) that the plaintiff breached the standard for professional conduct within the legal community. On December 28, 1999, the matter was heard by the referee. During the hearing, the plaintiff presented no evidence relating to the hourly rate that he charged the defendant. The plaintiff testified that he had reasonably spent 100 hours on the defendant's case.

On May 31, 2000, the referee filed a report recommending judgment for the plaintiff in the amount of $27,500 with $5000 credited against the retainer. The referee arrived at those figures by calculating the plaintiff's hourly rate at $275 multiplied by 100 hours. On June 19, 2000, the defendant filed an objection to the referee's report, asserting that the plaintiff had failed to meet his burden of proof with regard to the value

of his services and that the referee had failed to make appropriate findings of fact to support her conclusions. On July 11, 2000, the court, *Karazin, J.*, accepted the referee's report over the defendant's objections. On September 6, 2000, the court denied the defendant's motion for reargument. On October 2, 2000, the plaintiff filed a motion for articulation. In response, the court on November 6, 2000, filed a memorandum of decision upholding the referee's findings and her crediting of the $5000 retainer against the amount of the judgment. These appeals followed.

All of the defendant's claims are predicated on the payment of legal fees, regardless of the terms in which those claims have been couched. Because of that, each claim requires that a finding be made as to the value of the legal services rendered by the plaintiff. Absent any evidence as to the value of those services, the court may not award damages. We conclude that our disposition of the defendant's first claim is dispositive and, therefore, decline to address all of his other claims.

I

The defendant claims that the court improperly awarded the plaintiff damages on his claim for nonpayment of legal fees when the referee found that no evidence as to the value of the plaintiff's services had been introduced at the hearing. We agree.

"This court's review of the trial court's factual findings is limited. Unless a finding of fact is clearly erroneous, it must be sustained on appeal." *Citibank (South Dakota), N.A.* v. *Gifesman*, 63 Conn. App. 188, 191, 773 A.2d 993 (2001). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *In re*

*Jonathon G.*, 63 Conn. App. 516, 528, 777 A.2d 695 (2001). "A finding of fact will not be disturbed unless it is clearly erroneous in view of the evidence and pleadings in the whole record . . . . The conclusions drawn by the trial court will be upheld unless they are legally and logically inconsistent with the evidence. . . . [W]e engage in a careful examination of the record to ensure that the court's decision was supported by substantial evidence." (Internal quotation marks omitted.) *State* v. *Fletcher*, 63 Conn. App. 476, 479, 777 A.2d 691, cert. denied, 257 Conn. 902, 776 A.2d 1152 (2001).

"A reviewing authority may not substitute its own findings for those of the Superior Court reviewing the findings of an attorney trial referee. . . . An attorney trial referee's determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) *Holt* v. *People's Bank*, 62 Conn. App. 561, 564–65, 771 A.2d 266, cert. denied, 256 Conn. 917, 773 A.2d 944 (2001).

Our Supreme Court repeatedly has held that courts have a general knowledge of what would be reasonable compensation for services that are fairly stated and described. See, e.g., *Appliances, Inc.* v. *Yost*, 186 Conn. 673, 680, 443 A.2d 486 (1982); *Piantedosi* v. *Floridia*, 186 Conn. 275, 279, 440 A.2d 977 (1982); *Storm Associates, Inc.* v. *Baumgold*, 186 Conn. 237, 245–46, 440 A.2d 306 (1982); *Taft* v. *Valley Oil Co.*, 126 Conn. 154, 161, 9 A.2d 822 (1939); *Carangelo* v. *Nutmeg Farm, Inc.*,

115 Conn. 457, 463, 162 A. 4 (1932); *Gruskay* v. *Simen-auskas*, 107 Conn. 380, 387, 140 A. 724 (1928).

No award of attorney's fees, however, may be made when the evidence on which to base the award is insufficient. *Appliances, Inc.* v. *Yost*, supra, 186 Conn. 680; *Lebowitz* v. *McPike*, 151 Conn. 566, 568, 201 A.2d 469 (1964); *Gruskay* v. *Simenauskas*, supra, 107 Conn. 387; *City Savings Bank of Bridgeport* v. *Miko*, 1 Conn. App. 30, 38, 467 A.2d 929 (1983).

After a review of the record, we conclude that the plaintiff produced no evidence showing either his rate of compensation or that of prevailing rates in the legal community. There was insufficient evidence on which to base a finding of attorney's fees. In the absence of relevant evidence, the referee acted outside her discretion in assigning the hourly rate of $275, and the court improperly adopted that finding. We therefore reverse the judgment of the trial court.

## II

We now turn our attention to the plaintiff's claims on cross appeal. The plaintiff first asserts that the defendant's claims are not reviewable because he did not provide the court with a transcript of the hearing before the referee. We do not agree.

## A

The following additional procedural history is relevant to our disposition of the plaintiff's claim. On May 31, 2000, the referee filed her report, finding that the plaintiff was entitled to $27,500, which represented 100 hours of work valued at $275 per hour, less $5000 credited against the retainer paid by the defendant. On June 19, 2000, the defendant filed written objections to the acceptance of the referee's report. The defendant stated: "In her report, the Referee specifically found, in paragraph No. 8, that the Defendant '*did not keep*

*time records.'* . . . Despite this fact, which was clearly supported by the record, the Referee nonetheless found in paragraph No. 7 that the Plaintiff 'reasonably spent 100 hours in connection with his representation of the defendant.' The Referee repeats this finding in paragraph Nos. 14-15." (Emphasis in original.) The defendant further stated that "[i]n paragraph 17 the referee finds that the reasonable hourly rate for the plaintiff to have charged during the time period in question—1995—was $275.00 per hour. However, in paragraph 14 the referee rightly found that *'there was not any testimony regard[ing] the plaintiff's estimate of the value of his services on an hourly basis.'* . . . Therefore, there was simply no basis on which the referee could have found that $275.00 was a reasonable hourly fee to have charged, or that in fact the Plaintiff did utilize that rate in the underlying matter." (Emphasis in original.)

The defendant in his written objections to the referee's report finally states that "[t]he [referee] recommends an award in paragraph No. 18 that is not properly found because of the lack of foundation. As set forth above, the Referee specifically determined that the Plaintiff failed to present evidence with respect to the time spent or the rate charged in the underlying matter. Therefore, the award of $27,500.00, less a credit for monies paid, is without foundation in the evidence." On June 19, 2000, the plaintiff filed written objections to the acceptance of the referee's report. The plaintiff objected "to the limited extent that [the report] recommended that the Defendant benefit from a credit or setoff of $5,000.00. The Plaintiff does not challenge any of the factual findings of the [referee], but claims as a matter of law that the Defendant can not obtain a credit or setoff, therefore judgment should enter in the full amount of $27,500.00." Neither the plaintiff nor the defendant filed with the trial court a transcript of the

hearing before the referee. On July 11, 2000, both the defendant's objections and the plaintiff's objections were overruled.

"There is no rule requiring the factfinder or the trial court reviewing the factfinder's report to order a transcript . . . pursuant to Practice Book § 546J[1] . . . . [A] trial court may ask that transcripts be provided, but there is nothing that requires that the trial court have the transcripts before rendering judgment." (Citation omitted.) *Beizer* v. *Goepfert*, 28 Conn. App. 693, 706–707, 613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1044 (1992), cert. denied, 507 U.S. 973, 113 S. Ct. 1416, 122 L. Ed. 2d 786 (1993).

The plaintiff relies on *John M. Glover Agency* v. *RDB Building, LLC*, 60 Conn. App. 640, 760 A.2d 980 (2000), for the proposition that "[i]t is impossible for a reviewing court, without a transcript, to determine whether the subordinate facts found by the fact finder are supported by the evidence." (Internal quotation marks omitted.) Id., 646. That, in itself, is true. The plaintiff, however, goes on to maintain that *John M. Glover Agency* is "exactly on point here." The plaintiff is mistaken. In *John M. Glover Agency*, the defendant

---

[1] Practice Book § 23-58, formerly § 546J, provides: "(a) After review of the finding of facts and hearing on any objections thereto, the judicial authority may take the following action: (1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the judicial authority may deem appropriate.

"(b) The judicial authority may correct a finding of facts at any time before accepting it, upon the written stipulation of the parties.

"(c) The fact finder shall not be called as a witness, nor shall the decision of the fact finder be admitted into evidence at another proceeding ordered by a judicial authority."

claimed that the trial court failed to apply a statute to the circumstances of the case. A review of that issue was dependent on the facts found by the attorney fact finder. The defendant had supplied the Appellate Court with a transcript of the hearing before the fact finder, but had not supplied one to the trial court. This court concluded that "to review the transcript and judge the trial court's decision is appeal by ambuscade, a practice to which we do not adhere . . . ." Id., 646–47.

The case currently before us is distinguishable from *John M. Glover Agency*. Here, the defendant's objections were directed to contradictions within the referee's report. The defendant claims, and we agree, that the referee contradicted herself in her report by finding that (1) the plaintiff kept no time records and presented no evidence concerning the value of his services, and (2) the plaintiff was entitled to compensation at a rate of $275 an hour for 100 hours of work. The defendant's objections were not directed at the truth or falsity of the referee's findings, but to the fact that the referee had made two findings in direct opposition to each other. The findings in the referee's report were sufficient for the court to rely on. In her report, the referee found that (1) the plaintiff had failed to keep any time records with regard to his representation of the defendant, and (2) there was no testimony during the hearing regarding the plaintiff's estimate of the value of his services on an hourly basis.

As previously stated, having found that the plaintiff kept no time records and presented no evidence concerning the value of his services, there was no basis on which the referee could properly find that the plaintiff was entitled to compensation at a rate of $275 an hour. That finding was inconsistent. A transcript of the underlying proceedings was not required for the court to address that claim because the claim itself is not dependent on the underlying facts. All that the court

needed to decide the claim was the referee's report itself. We further find it telling that the plaintiff himself failed to file with the court a copy of the transcript of the hearing before the referee when he objected to the referee's report.

We conclude that the failure of the defendant to provide the trial court with a copy of the transcript does not preclude this court from hearing the defendant's appeal. It is clear from the defendant's objections that the court did not require a transcript to resolve the issues before it.

### B

The plaintiff next claims that he introduced sufficient evidence for the referee to be able to fairly determine the value of his services. We disagree.

In her report, the referee found that (1) the plaintiff failed to keep any time records with regard to his representation of the defendant, and (2) there was no testimony during the hearing regarding the plaintiff's estimate of the value of his services on an hourly basis. As previously stated, we conclude that the plaintiff failed to offer any evidence pertaining to the value of his hourly services and that the referee therefore acted outside her discretion in assigning a rate of $275 an hour to his services.

### C

The plaintiff claims that the defendant's brief is inadequate for review. We disagree.

The plaintiff's claim is clearly without merit. Practice Book § 67-4[2] sets forth the requirements an appellant

[2] Practice Book § 67-4 provides in relevant part: "The appellant's brief shall contain the following:

"(a) A concise statement setting forth, in separately numbered paragraphs, without detail or discussion, the principal issues or issues involved in the appeal, with appropriate references to the page or pages of the brief where the issue is discussed, pursuant to subsection (d) hereof. The court may refuse to receive a brief not complying with this requirement. Such statement

must meet in his brief for this court to review his claims. The defendant has met those requirements.

## D

The plaintiff finally claims that the court improperly allowed the defendant to obtain a credit of $5000 when the defendant did not plead a proper special defense or setoff. We disagree.

Because we have concluded that the referee acted outside her discretion in assigning a value to the plaintiff's services, we need not reach the plaintiff's claim on cross appeal.

On the defendant's appeal, the judgment is reversed and the case is remanded with direction to render judgment for the defendant.

shall be deemed in replacement of and shall supersede the preliminary statement of issues.

"(b) A table of authorities cited in the brief, with references to the page or pages of the brief where the citations to those authorities appear. Citations shall be in the form provided in Section 67-11.

"(c) A statement of the nature of the proceedings and of the facts of the case bearing on the issues raised. The statement of facts shall be in narrative form, shall be supported by appropriate references to the page or pages of the transcript or to the document upon which the party relies, and shall not be unnecessarily detailed or voluminous.

"(d) The argument, divided under appropriate headings into as many parts as there are points to be presented, with appropriate references to the statement of facts or to the page or pages of the transcript or to the relevant document. The argument on each point shall include a separate, brief statement of the standard of review the appellant believes should be applied. . . .

"(5) When the basis of an evidentiary or other ruling referred to in subsection (d) (3) or (d) (4) cannot be understood without knowledge of the evidence or proceeding which preceded or followed the ruling, a brief narrative or verbatim statement of the evidence or proceeding should be made. A verbatim excerpt from the transcript should not be used if a narrative statement will suffice. . . . The statement of rulings in the brief shall include appropriate references to the page or pages of the transcript. . . .

"(e) . . . The brief shall be organized in the following order: table of contents; statement of issues; table of authorities . . . statement of facts; argument; conclusion and statement of relief requested; signature; and certification pursuant to Section 62-7."

In this opinion SCHALLER, J., concurred.

O'CONNELL, J., dissenting. I cannot agree with the majority because without a transcript of the proceedings before the attorney trial referee (referee), it was impossible for the trial court to determine whether there was sufficient evidence to support the referee's findings and recommendation.[1] It is well settled that "[i]t is impossible for a reviewing court, without a tran-

[1] The referee made, in part, the following findings:

"(5) The plaintiff, according to his testimony, spent more than 100 hours pursuing the novel arguments made in the appeal. . . .

"(6) [The plaintiff] researched the law and in addition to presenting his arguments to the Corporation Counsel's office, also presented his arguments on the record in an effort to move negotiations forward with the City of Stamford.

"(7) [The plaintiff] reasonably spent 100 hours in connection with his representation of the defendant.

"(8) [The plaintiff] did not keep time records on the matter.

* * *

"(13) The fact finder recognizes that the 'value added' choice of the plaintiff to handle the defendant's tax matters involved the recognition of the plaintiff's notable service as probate judge and as Corporation Counsel with the City of Stamford and other public boards and agencies and his life-long service to the community and to the legal profession. . . .

"(15) The fact finder accepts the argument of plaintiff's counsel that it is reasonable to accept the testimony that 100 hours was spent in pursuit of the defendant's matters and that there was a value added to the defendant as a result of the plaintiff's standing in the legal community.

"(16) The fact finder does not believe that an hourly rate of compensation of $500.00 per hour is a reasonable rate of compensation, regardless of the standing of plaintiff in the legal community. Given the criteria set forth in Rules of Professional Conduct Rule 1.5, this fact finder specifically finds that

"There is an element of novelty to plaintiff's presentation to the tax assessor regarding the assessment method and the list year in question;

"The defendant is very active in a wide variety of commercial matters and the plaintiff would have been precluded from representation of others who may have been in an adversary position to the defendant

"The tax appeal process requires attention to detail and is expedited on the docket

"The plaintiff was deprived of the opportunity to have recovered on a contingent fee basis and there was no evidence that the plaintiff breached his obligation to the defendant

"(17) The fact finder recommends that an hourly rate of $275.00 per hour is reasonable under the circumstances."

script, to determine whether the subordinate facts found by [a referee] are supported by the evidence. (Internal quotation marks omitted.) *John M. Glover Agency* v. *RDB Building, LLC*, 60 Conn. App. 640, 646, 760 A.2d 980 (2000), citing *Meadows* v. *Higgins*, 249 Conn. 155, 170 n.10, 733 A.2d 172 (1999). Furthermore, "[i]t is inherently unfair to ask this court to rule on the propriety of the trial court's judgment and to provide this court with information that was not before the trial court. For this court to review the transcript and judge the trial court's decision is appeal by ambuscade, a practice to which we do not adhere . . . unless a manifest injustice would otherwise occur." (Citation omitted.) *John M. Glover Agency* v. *RDB Building, LLC*, supra, 646–47. The fact that the plaintiff furnished a transcript to this court is irrelevant. We must decide this appeal on what was before the trial court.

The plaintiff's action was not based on an express contract in which he and the defendant had contracted for compensation at an agreed rate per hour for services rendered. The theory of the plaintiff's action was quantum meruit for the value of his services.

The referee found that the plaintiff reasonably spent 100 hours in connection with his representation of the defendant. The majority concludes that this finding is inconsistent with the referee's finding that the plaintiff did not keep time records. I do not believe that the findings are inconsistent. It was not necessary for the plaintiff to keep time records to estimate the time he spent. The referee's finding is supported by the plaintiff's testimony that he "spent more than 100 hours" on the case.[2] The referee also made extensive findings concerning the plaintiff's legal experience and the novelty of the case. See Rules of Professional Conduct 1.5.[3]

---

[2] See footnote 1.

[3] Rule 1.5 of the Rules of Professional Conduct provides in relevant part:

"(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

"[I]t is well established that the evaluation of a witness' testimony and credibility is wholly within the province of the trier of fact." (Internal quotation marks omitted.) *Opotzner* v. *Bass*, 63 Conn. App. 555, 564–65, 777 A.2d 718, cert. denied, 257 Conn. 910, 782 A.2d 134 (2001). Furthermore, without a transcript, the trial court could not know what other evidence might have supported that finding.[4]

I acknowledge that the referee found that there was no testimony regarding the plaintiff's estimate of the value of his services on an hourly basis. I question the significance of that finding because, as I have stated, the plaintiff was not suing for compensation on an hourly basis, but in quantum meruit for the reasonable value of his services. He did not allege an hourly rate and now is being penalized for failing to prove something that he did not allege. Furthermore, without a transcript, the trial court could not know what evidence, if any, the referee relied on in arriving at her recommendation that he be awarded $27,500 computed at $275

"(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

"(2) The likelihood, if made known to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

"(3) The fee customarily charged in the locality for similar legal services;

"(4) The amount involved and the results obtained;

"(5) The time limitations imposed by the client or by the circumstances;

"(6) The nature and length of the professional relationship with the client;

"(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and

"(8) Whether the fee is fixed or contingent. . . ."

[4] It is instructive to note that Practice Book § 19-14 now requires a party filing an objection to a report to file a transcript of the evidence. That requirement was originally contained in Practice Book § 19-13, which was repealed effective January 1, 2000. The requirement of filing a transcript was resurrected and added to § 19-14, effective January 1, 2001. (The defendant's objection to the acceptance of the referee's report was filed in June, 2000.) I can offer no explanation as to why that requirement was omitted for one year, but it is clear that the appeal was filed during the one year window when the Practice Book transcript requirement seemed to be in abeyance.

per hour. If the defendant wanted to persuade the trial court that there was no evidence to support the $275 per hour rate, it was the defendant's burden to furnish a transcript demonstrating that there was no evidence whatsoever to support that recommendation. Lack of testimony from the plaintiff does not rule out evidence having been produced from some other source.

Accordingly, it is my opinion that the defendant sustained his burden and the trial court properly rendered judgment on the referee's report. Even if the majority could convince me that there was an inconsistency between the finding and the recommendation, I would not be convinced that a reversal and rendition of judgment for the defendant is warranted. Instead, I would remand the appeal to the trial court to take appropriate action under Practice Book § 19-17.[5]

For the foregoing reasons, I respectfully dissent.

---

[5] Practice Book § 19-17 provides in relevant part: "(a) The court shall render such judgment as the law requires upon the facts in the report. If the court finds that the . . . attorney trial referee has materially erred in its rulings or that there are other sufficient reasons why the report should not be accepted, the court shall reject the report and refer the matter to the same or another . . . attorney trial referee . . . for a new trial or revoke the reference and leave the case to be disposed of in court.

"(b) The court may correct a report at any time before judgment upon the written stipulation of the parties or it may upon its own motion add a fact which is admitted or undisputed or strike out a fact improperly found."