[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
Before the court is an objection, dated April 30, 2002, to the report of the Attorney Trial Referee (ATR) in this case as to attorney's fees recommended after remand of the case to him for that purpose. The court has fully reviewed the court file, including the memoranda of the parties, the affidavits of plaintiffs counsel which include the bills rendered for attorney's fees, and the transcripts of the hearing on attorney's fees held by the ATR on December 10, 2001, as well as the transcripts of the hearings on the merits of the case. The court finds that there was no factual basis for the ATR to find that the time not includible as attorney's fees was limited to 33 hours, and therefore is clearly erroneous. Also, there was no explanation of how or why $7,425 for 30 hours of time, including the hourly rate, was arrived at. SeeShapero v. Mercede, 66 Conn. App. 343, 784 A.2d 435, cert. granted on other grounds, 258 Conn. 944, 786 A.2d 43 (2001). The ATR failed to explain how many hours were calculated and what hourly rate led to the figure of $20,000 as attorney's fees.
For the above reasons, and because of the inability of the plaintiff in any substantial way to claim success in the underlying case, the court must reject the report of the ATR recommending $20,000 in attorney's fees. "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted). Original Grasso Construction Co. v.Shepherd, 70 Conn App. 404, 409, ___ A.2d ___ (2002); Shapero v.Mercede, supra, 66 Conn. App. 346. The court here, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed in awarding the $20,000 in attorney's fees to the plaintiff.
Pursuant to P.B. § 19-17, the court rejects the report of the ATR concerning attorney's fees and revokes the reference, leaving the matter CT Page 11014 of attorney's fees to be disposed of in court. The court grants to the parties an option to request or to waive an evidentiary hearing relative to this issue. If neither party requests such a hearing on or before September 10, 2002 the court will deem that a hearing has been waived and will render a decision. If either or both parties request a hearing, the court will set a date for same with the parties.
So Ordered.
D'ANDREA, J. CT Page 11015